

**UNITED STATES DISTRICT COURT**

District of Connecticut

U.S. Probation & Pretrial Services

Jesse J. Gomes
Chief United States Probation Officer

157 Church St., 17th Floor
New Haven, CT 06510
Phone: (203) 773-2100
Fax: (203) 773-2200

**MEMORANDUM**

October 25, 2024

450 Main St., Room 735
Hartford, CT 06103
Phone: (860) 240-3661
Fax: (860) 240-2620

915 Lafayette Blvd., Room 200
Bridgeport, CT 06604
Phone: (203) 579-5707
Fax: (203) 579-5571

**To:** Michael P. Shea
Chief United States District Judge

**From:** Nielvis Judith Gonzalez-Perez
United States Probation Officer

**Subject:** Adolfo Vargas
RE: Status Report

On June 30, 2021, Adolfo Vargas appeared before the Honorable Vanessa L. Bryant, U.S. District Judge having pled guilty to Theft of Public Money, in violation of 18 U.S.C. § 641. Adolfo Vargas was sentenced 366 days' imprisonment to be followed by a term of 36 months' supervised release. On March 18, 2024, the case was re-assigned to the Honorable Judge Michael P. Shea, Chief U.S. District Judge.

Mr. Vargas began his term of supervised release on August 11, 2022. Since his release, Mr. Vargas has struggled with abiding by the Court imposed conditions of release. He failed to make payments towards his restitution on numerous occasions, tested positive for illicit substances, no-showed to numerous substance abuse treatment sessions, failed to follow the probation officer's instructions, and failed to report as instructed. As such, on April 26, 2024, a Petition for Warrant or Summons for offender under supervision was filed requesting a summons to appear on a violation of supervised release.

On May 3, 2024, an initial presentment on a violation was held before the Honorable Judge Michael P. Shea, Chief U.S. District Judge. The Court held in abeyance the alleged violations and modified the defendant's conditions of supervised release to add the following: 1) The defendant shall provide the Probation Office access to any requested financial information and authorize the release of any financial information. The Probation Office may share financial information with the U.S. Attorney's Office. 2) Until the defendant has paid all monetary penalties imposed by the Court, he shall not incur new credit charges above $250 or open any

new lines of credit without the prior permission of the Probation Office. The defendant shall not add any new names to any lines of credit and shall not be added as a secondary card holder on another's line of credit. 3) The defendant shall not encumber personal homes or investment properties without permission of the Court, and shall not transfer, sell, give away, barter, or siddipate in any way any assets, including personal property without the express permission of the Probation Office and notification to the Court. 4) The defendant shall pay restitution at a rate of no less than $50 per month, or 10% of the defendant's gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on the defendants ability to pay as determined by the Probation Office and approved by the Court. 5) The defendant shall participate in a program recommended by the U.S. Probation Office and approved by the Court for mental health treatment and testing. The defendant shall follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program. The defendant shall pay all or a portion of costs associated with treatment based on the defendant's ability ability to pay as recommended by the probation officer and approved by the Court. 6) the defendant shall complete a financial disclosure today. If necessary, he can provide an amended disclosure to the Probation Office by May 10, 2024. 7) The defendant shall provide the Probation Office with his pay stubs every two weeks starting May 10, 2024. The Court requested a status report be filed by the Probation Office by July 24, 2024, detailing Mr. Vargas's compliance with conditions of release.

In July 2024, a status report was submitted by the U.S. Probation Office, detailing Mr. Vargas's progress and continued challenges on supervision. An amended violation report was submitted on August 8, 2024.

On August 15, 2024, a violation hearing was held wherein Mr. Vargas's violation was held in abeyance for 60 days, to allow him to build a record of compliance.

It is noted that the U.S. Probation Office highlighted ongoing concerns with Mr. Vargas failing to make a restitution payment in May 2024, failing to attend several mental health intake assessments, testing positive for controlled substances, and struggling to maintain consistent employment. The Court requested a status report by filed by the U.S. Probation Office on October 25, 2024, and the hearing was continued until November 7, 2024.

Since August 15, 2024, Mr. Vargas has continued to test positive for illicit substances. Specifically, tested positive for marijuana on August 14, 2024, August 22, 2024, August 30, 2024, September 12, 2024, September 23, 2024, September 30, 2023 and October 24, 2024. Of note, on October 24, 2024, Mr. Vargas reported having consumed an edible cake for his birthday on September 7, 2024, which resulted in his positive drug test. However, on October 9, 2024, and October 18, 2024, drug tests administered at the treatment centers yielded negative results.

On September 26, 2024, Mr. Vargas sent the undersigned officer a message indicating his job "finished" as it was temporary employment through a temporary agency. He reported seeking new employment. On October 7, 2024, Mr. Vargas reported being hired part-time at a factory in Stamford, CT, however, his work hours conflicted with his current substance abuse

treatment groups. As a result, Mr. Vargas coordinated substance abuse groups with Liberations Program and will begin the week of October 28, 2024. He will remain at MAAS for mental health treatment and medication management. In discussions with the treatment providers at MAAS and Liberations, it was noted that Mr. Vargas expressed himself as emotional, disorganized, and had a difficult time expressing his needs to the counselors. Many of Mr. Vargas's statements have been noted to be conflicting, and therefore the undersigned officer has emphazised 3-way meetings with the counselors to avoid miscommunication.

On October 21, 2024, Mr. Vargas failed to report to a scheduled meeting with the undersigned officer. He advised feeling ill, and failed to communicate with the undersigned officer that he was not feeling well. On October 22, 2024, Mr. Vargas failed to submit to drug testing as required. In discussions with him on October 24, 2024, he noted it was due to his illness. The undersigned officer emphasized the importance of communication with the undersigned officer, his attorney and treatment staff.

Mr. Vargas has made payments towards his restitution in June, July and September. When able, he has made payments over the $50 requirement in attempts to make up for prior missed payments. Mr. Vargas has consistently provided the undersigned officer with proof of employment upon request, in addition to medical notes, and other requested verification. A financial disclose packet was provided to Mr. Vargas on October 24, 2024, with a requested return date of November 7, 2024.